DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

Kevin Moore

              Debtor(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Chapter 13
Case No.  22-50511HLB

TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE

341 Meeting Date: July 27, 2022 @ 10:45AM
Initial Confirmation Hearing Date: August 11, 2022
Initial Confirmation Hearing Time: 9:55AM
Place: Telephonic or Video Only

Judge:  Hannah L. Blumenstiel

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the following reasons:

1. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) and/or the feasibility test in 11 U.S.C. §1325(a)(6) is met, the Trustee requests that the Debtor(s) provide her with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of the Debtor's ending while the case is pending confirmation.  The tax return shall be provided to her at the same time it is filed with the taxing authority.

Trustee's Objection to Confirmation –

2. 11 U.S.C. §1325(a)(4) of the Bankruptcy Code requires that the value of the property to be distributed under the plan be equal to or greater than what would be paid if the estate were liquidated under Chapter 7. According to the Debtor's schedules, there is excess equity which exceeds the scheduled unsecured debt; therefore, a Chapter 7 Trustee could liquidate the Debtor's property and pay creditors 100% of their claims, plus interest. *See In re Beguelin,* 220 B.R. 94 (9th Cir. B.A.P. 1998). The Trustee requests that the Debtor amend Section 3.14 of the plan to state that "Class 7 claimants will receive no less than 100% of their allowed claims through this plan." In addition, the Trustee requests that the Debtor include a Nonstandard Provision under Section 7 to state: "Unsecured creditors shall receive interest at the federal judgment interest rate in effect at the time the petition was filed."

3. The plan is in violation of 11 U.S.C. §1325(a)(5). The Trustee is in receipt of a secured proof of claim filed by American Honda Finance Corp. The Debtor has failed to provide for the secured proof of claim filed by American Honda Finance Corp. on the plan.

4. The Debtor has incorrectly listed Persevere Lending, Ally Financial (listed twice) and Chase Auto Finance under Section 3.08 Class 2(C). This section of the plan is for claims that are being reduced to $0. Pursuant to the information contained within the petition, it appears that all of the above-mentioned creditors should be listed under Section 3.07 of the plan. The Debtor lists arrears owed to creditors in Form 122C-2 as well as the filed proof of claims filed.

5. Until the Debtor has properly listed creditors on the plan, the Trustee is unable to determine whether the plan complies with 11 U.S.C. §1325(a)(6) or 11 U.S.C. §1322(d).

6. The Trustee is unable to administer the plan. The Debtor has failed to provide the collateral description for secured creditors Ally Financial (listed twice) and Chase Auto Finance under Section 3.08 Class 2(C) of the plan.

7. Debtor is in violation of 11 U.S.C. §521(a)(1). The Attachment to Schedule I listing the Debtor's business expenses has been omitted from the Petition. Debtor must file the required Attachment to Schedule I.

8. The Trustee requests a copy of the balance sheet as of May 31, 2022 for the business known as Moore Family California Vineyards.

9. Debtor is in violation of 11 U.S.C. §521(a)(1). Debtor lists his gross business income on Line 2 of Schedule I and has failed to list his average monthly business expenses on an Attachment to Schedule I. The appropriate way to disclose Debtor's ongoing business income and expenses is to list the net monthly income on Line 8a of Schedule I and include the Attachment to Schedule I that itemizes all business expenses. Debtor must amend Schedule I to list net business income. A separate objection point has been filed to address the Debtor's failure to file an Attachment to Schedule I.

10. The plan is in violation of 11 U.S.C. §1325(a)(6). Pursuant to the information contained on Schedules I and J, there is a deficit in the Debtor's monthly budget of $13,430.00. It does not appear that the Debtor's plan is feasible.

11. In order to perform her duties under 11 U.S.C. §1302(c) (incorporating duties under 11 U.S.C. §1106(a)(3)), the Trustee requests the Debtor provide a profit and loss statement for the Debtor's business for the six months prior to filing.

12. Debtors are not in compliance with 11 U.S.C. §521(a)(1)(B)(iii). Debtor failed to list his year to date gross yearly income as well as his gross yearly income for the two years immediately preceding the filing of the petition under prior on Question 4 of the Statement of Financial Affairs.

13. The Trustee is unable to determine whether the plan complies with 11 U.S.C. §1325(a)(4). The Debtor has failed to list his business as an asset on Schedule A/B.

14. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(4). Schedule A/B lists Debtor's 2018 Cadillac Escalade with a value of $0.00. In order to verify said value, the Debtor must provide the Trustee with a declaration, signed under penalty of perjury, which provides the following information: the approximate mileage, trim and condition of the vehicle, along with any additional features of the vehicle. Furthermore, the Debtor must attach written proof of how the value was determined (e.g. copies of print-outs from internet sources).

15. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(4). Schedule A/B lists Debtor's Ford Truck with a value of $0.00. In order to verify said value, the Debtor must provide the Trustee with a declaration, signed under penalty of perjury, which provides the following information: the approximate mileage, trim and condition of the vehicle, along with any additional features of the vehicle. Furthermore, the Debtor must attach written proof of how the value was determined (e.g. copies of print-outs from internet sources). *NOTE: The Debtor has failed to specify the model of the Ford Truck on Schedule A/B. This information must be provided on an Amended Schedule A/B.*

16. The Debtor failed to provide copies of income tax returns prior to the 11 U.S.C. §341 meeting of creditors. *See separate objection point.* So that the Trustee can verify that the copies that the Debtor will provide are true and correct copies of the returns that were

Trustee's Objection to Confirmation –

Case: 22-50511   Doc# 19   Filed: 07/21/22   Entered: 07/21/22 12:54:43   Page 4 of 7

provided to the taxing agencies, the Trustee requests that the returns provided to the Trustee be attached to a declaration signed by the Debtor stating under penalty of perjury that the returns being provided are true and correct copies of the returns that the Debtor submitted to the taxing authorities.

17. The Debtor has failed to comply with 11 U.S.C. §521(e)(2)(A)(i) and (B), in that he has not provided the Trustee with a copy of his 2021 federal and state income tax return and W-2 form. Until the Debtor provides the requested information, the Trustee is unable to perform her duties under 11 U.S.C. §1302(b)(1) (incorporating 11 U.S.C. §704(a)(4)) and is unable to recommend confirmation.

18. The Trustee requests a copy of the 2021 tax return for the business known as Moore Family California Vineyards.

19. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) and/or the feasibility test in 11 U.S.C. §1325(a)(6) is met, the Trustee requests that the Debtor provide her with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of the Debtor's ending while the case is pending confirmation. The tax return shall be provided to her at the same time it is filed with the taxing authority.

20. The Debtor is not in compliance with 11 U.S.C. §1308(a). Pursuant to the proof of claim filed by the Internal Revenue Service, Debtor has not filed his 2016, 2017, 2018, 2019, 2020 and 2021 tax returns. The Trustee cannot recommend confirmation until the Debtor provides proof that these tax returns have been filed.

21. The Trustee is unable to determine whether the plan complies with 11 U.S.C. §1325(a)(4) until such time as the Debtor resolves the concerns outlined in the Trustee's Objection to Claimed Exemptions.

22. The Debtor has not complied with the following provisions contained in General Order 34 of the United States Bankruptcy Court for the Northern District of California therefore the plan cannot be confirmed:

   a. The Debtor has failed to provide the Chapter 13 Trustee with Form NDC 1-3 Class 1 Checklist for each Class 1 creditor.

   b. The Debtor has failed to provide the Chapter 13 Trustee with Form NDC 1-4 Authorization to Release Information to Trustee.

   c. The Debtor has failed to provide the Chapter 13 Trustee with Form NDC 1-2 Domestic Support Obligation Checklist.

   d. The Debtor has failed to file a declaration with supporting evidence stating whether the Debtor has made all post-petition payments ("Declaration of Direct Payment") to the following Class 1 creditors: Persevere Lending. The Trustee requests that the Debtor file the Declaration of Direct Payment five (5) days prior to all 1) continued meetings of creditors and 2) contested or continued contested confirmation hearings while the case is pending confirmation.

23. In order to meet the feasibility test of confirmation in 11 U.S.C. §1325(a)(6), the Trustee requests that the Debtor(s) provide a declaration with sufficient proof to show that all post-petition mortgage payments to Persevere Lending have been paid prior to confirmation. If the Debtor has already provided the mortgage payment proof required pursuant to General Order 24, that proof *need not be provided again*. However, for post-petition mortgage payments that have come due after the conclusion of the meeting of creditors, but before confirmation, the Trustee requests evidence to show that those payments have been made before she can recommend confirmation.

Dated: July 21, 2022                    /S/ Devin Derham-Burk
                                        _____
                                        Chapter 13 Trustee

Trustee's Objection to Confirmation –

# CERTIFICATE OF SERVICE BY MAIL

I declare that I am over the age of 18 years, not a party to the within case; my business address is 105 Cooper Court, Los Gatos, California 95032. I served a copy of the within Trustee's Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on July 21, 2022.

Said envelopes were addressed as follows:

| | |
|---|---|
| Kevin Moore<br>12839 Airline Highway<br>Paicines, CA 95043 | Saunders Law Group, Ltd.<br>1891 California Avenue #102<br>Corona, CA 92881 |

/S/ Lesley Pace
_____
Office of Devin Derham-Burk, Trustee

Trustee's Objection to Confirmation –